**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DANIEL A. CALI, JR.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 08-5010** |
| | * | |
| **REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY, ET AL.** | * | **SECTION "B"(4)** |

<u>**ORDER AND REASONS**</u>

Before the Court are the Motions for Summary Judgment (Rec. Doc. Nos. 21 and 22) filed by Defendants Fidelity National Property and Casualty Insurance Company ("Fidelity") and Republic Fire and Casualty Insurance Company ("Republic"). Plaintiff filed responses (Rec. Doc. Nos. 45 and 48), and Defendants each filed a reply (Rec. Doc. Nos. 53 and 54). Upon review of the motions, responses, applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants' Motions for Summary Judgment (Rec. Doc. Nos. 21 and 22) are **GRANTED**.

<u>*BACKGROUND*</u>

This lawsuit arises from flood damage to Plaintiff's home, which is alleged to have occurred on or about October 6, 2007. Plaintiff's property was insured at the time of the loss under a Standard Flood Insurance Policy (SFIP) administered by Defendant Fidelity and a homeowner's policy issued by Defendant Republic. Plaintiff submitted a claim for benefits under his SFIP, which provided for building coverage up to $135,000 and contents coverage up to $30,000, both subject to a $500 deductible. Upon receipt of

1

Plaintiff's claim, Fidelity sent an adjuster to Plaintiff's property to assess the damage. In accordance with the adjuster's recommendation, Fidelity then paid $2,596.81 to Plaintiff for his flood loss claim, after accounting for depreciation and the $500 deductible.

Plaintiff now seeks additional funds from Fidelity and/or Republic. Plaintiff, however, failed to provide a timely Proof of Loss for the additional insurance proceeds that he currently seeks from Fidelity, which is required by the SFIP under Article VII(J)(4). *See* Dwelling Policy Form, *available at* http://www.fema.gov/pdf/nfip/dp126.pdf. Plaintiff submitted some documentation of his additional losses to Fidelity on or around March 2, 2009, but this submission did not fall within the time limit for submitting documentation that is required by the SFIP. (The estimate was submitted one year and five months after the loss and five months after the commencement of this lawsuit.) As a result, Fidelity now seeks summary judgment of Plaintiff's claim. Republic also seeks summary judgment of Plaintiff's claim, but its argument relies on the "water damage" exclusion of the homeowner's insurance policy.

## *DISCUSSION*

**A.   Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any

2

affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence and all reasonable inferences in the light most favorable to the nonmovant, the nonmovant must still produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Celotex Corp.*, 477 U.S. at 324. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

Interpretation of an insurance policy is a question of law, and cases involving the interpretation of an insurance policy are appropriate for disposition on summary judgment. *Principal Health Care of Louisiana, Inc. v. The Lewer Agency, Inc.*, 38 F.3d 240, 242 (5th Cir. 1996); *FDIC v. Barham,* 995 F.2d 600 (5th Cir. 1993); *see also McGuire v. Am. S. Home Ins. Co.*, 2007-CA-0810 (La. App. 4 Cir. 10/10/07); 969 So. 2d 681, 684 ("Interpretation of an insurance

3

policy usually involves a legal question which can be resolved properly in the framework of a motion for summary judgment."), *citing Robinson v. Heard*, 2001-C-1697, pp. 3-4 (La. 2/26/02), 809 So. 2d 943, 945.

**B.   Proof of Loss Requirement**

Plaintiff's submissions to the Court do not disputed that he failed to submit a valid proof of loss for the damage he claims to have incurred beyond the amount already paid by Fidelity under the SFIP. Because no valid proof of loss was filed for these claims, Fidelity is entitled to judgment as a matter of law. Article VII(R) of Plaintiff's SFIP specifically states, "You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy." This language establishes a clear prerequisite that Plaintiff must file a proof of loss within sixty days — the time period required by the SFIP under Article VII(J)(4). Furthermore, "the [proof of loss] requirement — contained in a provision of an insurance policy issued pursuant to a federal program — must be 'strictly construed and enforced.'" *Richardson v. Am. Bankers Ins. Co. of Florida*, 279 F. App'x 295, 298 (5th Cir. 2008) (quoting *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). Therefore, because Plaintiff submitted his estimate for additional damages to Fidelity more than one year past the sixty-day deadline, Plaintiff has failed to meet the proof of loss requirements of the SFIP, and his lawsuit against Fidelity

must fail. *See Frank v. Am. Bankers Ins. Co. of Florida*, No. 07-4928, 2009 WL 3241707, at *2 (E.D. La. Oct. 5, 2009).

**C. "Water Damage" Exclusion**

Plaintiff's opposition to Defendant Republic's Motion for Summary Judgment fails to cite any legal authority whatsoever or dispute any of the uncontested material facts urged by Republic in its motion. Rather, Plaintiff contends that, because he had both a homeowner's policy (issued by Republic) and a flood policy (administered by Fidelity), the water damage he sustained must be covered by one of these two policies. Plaintiff argues that the Court's failure to grant relief will cause his losses to "fall into some legal 'black hole' wherein he had not coverage under either his homeowners policy or his flood policy." (Pl.'s Mem. in Resp. to Def.'s, Republic's, Mot. for Summ. J. 2.)

Plaintiff's argument is fatally flawed. Plaintiff very well may have had coverage for his additional losses under the SFIP administered by Fidelity, but he failed to submit a timely proof of loss for those additional claims. As a result of his untimeliness, Plaintiff waived any right he had to proceeds that might have been available for those losses under the SFIP.

Furthermore, the "water damage" exclusion in the homeowner's policy issued by Republic clearly precludes coverage for Plaintiff's alleged losses here. The homeowner's policy states:

**SECTION I – PERILS INSURED AGAINST**

5

> * * *
> COVERAGE C-PERSONAL PROPERTY
> We insure for direct physical loss to the property described in Coverage C caused by perils listed below **unless the loss is excluded in "Section I – Exclusions"**
> 1. Fire or lightning
> 2. Windstorm or hail
> This peril **does not include** loss to the property contained in a building **caused by rain**, snow, sleet, sand or dust **unless the direct force of wind** or hail **damages the building causing an opening in a roof or wall** and then rain, snow, sleet, sand or dust enters through this opening.
> * * *
> **SECTION I – EXCLUSIONS**
> 1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
> * * *
> c. **Water damage**, meaning
> (1) **Flood**, **surface water**, waves, tidal water, overflow of a body of water, or spray from any of these, **whether or not driven by wind**;
> (2) Water which backs up through sewers or drains or which overflows from a sump; or
> (3) Water below the surface of the ground including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.
> Direct loss by fire, explosion or theft resulting from water damage is covered.

(Rec. Doc. No. 22-6 at 10-12 (emphasis added).) The terms "flood" and "surface water" are not defined by the policy itself, so they should be given their generally prevailing meaning. *See* La. Civ. Code art. 2047. According to Black's Law Dictionary, (7th ed., 1999), "surface water" is defined as "water, **such as rainfall runoff**, that collects and flows on the ground but does not form a watercourse . . . ." (emphasis added). In *Sherwood Real Estate &*

6

*Investment Co. v Old Colony Insurance Co.*, the Louisiana First Circuit Court of Appeal defined surface water "as that which is derived from **falling rain** or melting snow . . . and is defused over the surface of the ground . . . ." 234 So. 2d 445, 447-48 (La. App. 1 Cir. 1970) (emphasis added) (citations omitted). In *Sherwood*, Plaintiff's roof began leaking after a heavy rain storm. Following the storm, it was discovered that water collected on the roof, causing a pool to form. It was conceded that the weight of the water caused the roof to leak and damage Plaintiff's property. *Id.* at 446. The Court determined that rain water which had accumulated on the roof of Plaintiff's building was "surface water," and any damage occasioned by the "surface water" was excluded from coverage under the insurance policy, which contains language similar to the policy at issue here. *See id.* at 447.

If rain water which accumulates on the roof of a dwelling and causes damage is considered "surface water," then it follows, *a fortiori*, that rain water which accumulates on the ground next to Plaintiff's property here and seeps in via weep holes at the base of the brick façade of the dwelling is also "surface water." *See Cochran v. Travelers Insurance Co.*, 606 So. 2d 22, 24 (La. App. 5 Cir. 1992) ("'Surface waters' . . . water coming unto the ground and naturally spreading over the ground . . . Water derived from rains and melting snows that is diffused over surface of the ground . . .") (citations omitted); *Delta Theatres, Inc. v.*

7

*Alliance Gen. Ins. Co.*, No. CIV.A. 96-2719, 1997 WL 313413, at *3 (E.D. La. June 9, 1997) ("the 'reference in the policy to "surface water" is in the context of a body of water that collects and lays on the surface of the ground.'"). In this case, it is undisputed that rain water accumulated on the ground on the right side of Plaintiff's house and entered the home through brick weep holes located at the base of the house. *See* Exhibit "A" Response No. 6 (Rec. Doc. No. 22-3 at 2). As such, Plaintiff's loss clearly falls within the language of the "water damage" exclusion in the homeowner's policy at issue.

Moreover, Plaintiff has already made a claim under his SFIP and received coverage for those losses in the amount of $2,596.81. Plaintiff may not recover for these same losses again and is therefore estopped from now claiming that this damage was caused by a peril covered under the homeowner's insurance policy. Accordingly,

**IT IS ORDERED** that Defendants' Motions for Summary Judgment (Rec. Doc. Nos. 21 and 22) are **GRANTED**.[1]

New Orleans, Louisiana, this 15th day of December, 2009.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

---

[1] We found no facts to warrant excusal for Plaintiff's failure to timely comply with the express terms of the policy here. Nor is any law or factual proof presented to suspend or toll compliance with Article VII(J)(4) of the flood policy.